■ In the Matter of RICHARD J. WALSH et al., Respondents. v. SOMERSET GROUP, INC.. Appellant.— Judgment unanimously reversed, without costs, and motion denied. Memorandum: Plaintiffs purchased from defendant corporation 10,000 shares of stock in two lots. at a price of $1 per share. A stock certificate was issued for the first lot of 4,000 shares but none was issued for the second lot of 6.000 shares, although both were paid for. Defendant appeals from an award of summary judgment to plaintiffs in the amount of $6.000 which permitted rescission of the second purchase because of the corporation's failure to issue a stock certificate for the shares bought. The judgment must be reversed. Upon payment in full of the subscription price, the purchasers

acquired all the rights and privileges of a holder of the subscribed shares (Business Corporation Law, § 504, subd. [i]); the stock certificate was only evidence of their shareholder status and was not necessary to its creation (*United States Radiator Co.* v. *State of New York,* 208 N. Y. 144; *Arden Farms Co.* v. *State of New York,* 270 App. Div. 302, affd. 296 N. Y. 787; *Beals* v. *Buffalo Expanded Metal Constr. Co.,* 49 App. Div. 589). The failure of the corporation to issue the certificate was therefore not such a substantial breach of the purchase contract as entitled the buyers to rescind the purchase (*O'Herron* v. *Southern Tier Stores,* 9 A D 2d 568). Insofar as plaintiffs seek to attach liability for defendant's failure to repurchase the stock shares, there are issues of fact presented as to whether defendant made a subsequent agreement to repurchase the shares. (Appeal from judgment of Niagara Special Term in action to recover funds.) Present.— Marsh, P. J., Moule, Mahoney, Goldman and Del Vecchio, JJ.