In the Matter of LESTER RAPPAPORT, as Holder of One Half of All Outstanding Shares Entitled to Vote in an Election of Directors of Jileen Security Corp., Appellant. JILEEN SECURITY CORP. et al., Respondents.

Petitioner Lester Rappaport, together with one Kenneth Iscol, combined their individual experiences in the communications and alarm monitoring business to form Jileen Security Corp. (Jileen), whose principal business was to monitor burglar and fire alarm signals transmitted by alarm systems placed in the premises of its subscribers.

Rappaport and Iscol each owned 50% of Jileen. While the subscription price for their shares had been paid in full, certificates representing those shares were never issued. Neither was there any formal organization meeting or election of directors or officers. Iscol and Rappaport functioned as a de facto board of directors and held themselves out as treasurer and president, respectively. There was, however, a "Statement of Incorporator

[*sic*] in Lieu of Organization Meeting" which adopted the bylaws and named Iscol and Rappaport as acting directors of Jileen until the first annual meeting of shareholders.

Over a period of time, the business as well as personal relationships between Rappaport and Iscol deteriorated, as evidenced by a series of increasingly hostile letters written between the parties. This prompted Rappaport to resign from the positions of director and officer of Jileen and he sought to either buy out Iscol's share of Jileen, or, alternatively, to have Iscol buy him out. After these negotiations proved unsuccessful, Rappaport petitioned the court for judicial dissolution pursuant to Business Corporation Law § 1104 (a) (2), (3). After the action was commenced, Iscol, together with a new director whom he selected to replace Rappaport, voted to issue one share of Jileen stock to Iscol's brother-in-law, attorney Howard Drucker, in return for legal services rendered on behalf of Jileen. Iscol then opposed the dissolution petition by interposing an answer in which he raised as affirmative defenses that Rappaport was not qualified to commence the proceeding as he was not a holder of shares of Jileen stock, that, in any event, Rappaport no longer had a 50% interest in Jileen because of the one share issued to Howard Drucker, and that Rappaport's bad faith and misconduct in running the affairs of Jileen precluded the granting of the relief sought in the petition.

Special Term dismissed the petition, finding that Rappaport was legally incapacitated from commencing the dissolution proceeding because there had been no organizational meeting of Jileen and because no shares had been issued. In addition, Special Term vacated a temporary restraining order which, *inter alia,* enjoined Iscol from transacting any unauthorized business, and from exercising any corporate powers not in the regular course of business. By order dated September 11, 1984, this court subsequently granted Rappaport's motion seeking, *inter alia,* to enjoin respondents from performing any act which would dilute, diminish, or adversely affect Rappaport's interest in Jileen, pending determination of the appeal from the judgment.

Contrary to the finding of Special Term, petitioner was indeed a proper party to seek dissolution of Jileen pursuant to Business Corporation Law § 1104 (a). Special Term's reference to the lack of an organizational meeting was undoubtedly a reference to the requirement found in Business Corporation Law § 404 (a). However, that same statute indicates that any action permitted to be taken at the organizational meeting may be taken without a meeting if each incorporator signs an instrument setting forth the action taken (*see,* Business Corporation Law § 404 [b]). This

requirement was fulfilled at bar by the document entitled "Statement of Incorporator [*sic*] in Lieu of Organization Meeting".

Also erroneous was the finding that no shares of Jileen stock had been issued. A stock certificate is *evidence* of shareholder status, but is not necessary to its creation (*see, United States Radiator Corp. v State of New York,* 208 NY 144; *Matter of Walsh v Somerset Group,* 45 AD2d 915). When the consideration for shares has been paid in full, the subscriber is considered a holder of the shares and is entitled to all rights and privileges thereof (Business Corporation Law § 504 [i]).

The issuance, subsequent to the filing of the dissolution petition, of one share of stock by Iscol to his brother-in-law was null and void. It was obviously an attempt to deprive petitioner of his one-half ownership of Jileen. We need not decide whether this action was a violation of the temporary restraining order which enjoined Iscol from exercising any corporate power not in the regular course of business, because in any event, it was a violation of Business Corporation law § 1114.

Having determined that Rappaport is a qualified party to petition the court for dissolution, a hearing is necessary to determine whether such dissolution is actually warranted pursuant to Business Corporation Law § 1104 (a) (2), (3). At that time, the cross allegations of misconduct and bad faith interposed by the parties may be examined by the court. At the same time, Special Term may examine petitioner's concerns that Iscol is depleting corporate assets in defending this dissolution proceeding. This court has previously held that there is no authority for the allowing of counsel fees incurred in defending a dissolution proceeding of this type to be paid out of corporate funds (*Matter of Reinschreiber,* 70 AD2d 596).

Accordingly, for the reasons stated above, the judgment is reversed and the matter is remitted to Special Term for further proceedings consistent herewith. Pending a new determination on the merits, the stay granted by this court in its order dated September 11, 1984 shall remain in full force and effect. Thompson, J. P., Bracken, O'Connor and Weinstein, JJ., concur.