■ FORD MOTOR CREDIT COMPANY, Appellant, v COLONIAL FUNDING CORP., Respondent. (And a Third-Party Action.) [626 NYS2d 527] —In an action to recover damages for breach of warranty and fraud, the plaintiff appeals from an order of the Supreme Court, Nassau County (Lockman, J.), dated September 2, 1993, which granted the defendant's motion for summary judgment dismissing the complaint and denied its cross motion for summary judgment. Justice Miller has been substituted for the late Justice Lawrence (22 NYCRR 670.1 [c]).

Ordered that the order is affirmed, with costs.

On November 22, 1989, the defendant Colonial Funding Corp. (hereinafter Colonial), entered into an agreement to lease certain audio and sound equipment to Angelo Caiano. Colonial immediately assigned its rights under the equipment lease to the plaintiff, Ford Motor Credit Company (hereinafter Ford), by executing an assignment in which it warranted that the lease was "genuine and enforceable". Caiano subsequently defaulted on his payment obligations under the lease, and Ford commenced an action against him to recover the balance due under the lease. As an affirmative defense to Ford's suit, Caiano claimed that the equipment lease was in reality a disguise for a usurious $30,000 loan and thus, unenforceable. Ford thereafter moved for summary judgment, and, in opposition to the motion, Caiano submitted two affidavits in which he elaborated upon his allegations that the equipment lease was a sham. Based upon Caiano's allegations, Ford commenced the instant action against Colonial, seeking damages, *inter alia,* for Colonial's alleged breach of the warranty that the lease agreement was "genuine and enforceable". However, Ford also continued to pursue its suit against Caiano, and, in August 1992, the Supreme Court granted Ford's motion for summary judgment, concluding that Caiano's allegations were insufficient to create a triable issue of fact as to the enforceability of the lease against him. A judgment against Caiano was entered on November 13, 1992.

Colonial thereafter moved for summary judgment in the instant action, contending that since Ford had successfully obtained a judgment to enforce the lease against Caiano after he had sought to disavow it in the prior action, Ford should be precluded from arguing that the lease was not genuine and enforceable. The Supreme Court granted Colonial's motion,

concluding that the doctrine of estoppel against inconsistent positions precluded Ford from establishing that the assigned lease was not genuine. We now affirm.

Judicial estoppel, or the doctrine of inconsistent positions, precludes a party who assumed a certain position in a prior legal proceeding and who secured a judgment in his or her favor from assuming a contrary position in another action simply because his or her interests have changed *(see, Prudential Home Mtge. Co. v Neildan Constr. Corp.,* 209 AD2d 394; *Piedra v Vanover,* 174 AD2d 191, 197; *Environmental Concern v Larchwood Constr. Corp.,* 101 AD2d 591, 594). "The doctrine rests upon the principle that a litigant 'should not be permitted * * * to lead a court to find a fact one way and then contend in another judicial proceeding that the same fact should be found otherwise' " *(Environmental Concern v Larchwood Constr. Corp., supra,* at 593, quoting Note, *The Doctrine of Preclusion Against Inconsistent Positions in Judicial Proceedings,* 59 Harv L Rev 1132). The doctrine is invoked to estop parties from adopting such contrary positions because the judicial system "cannot tolerate this 'playing "fast and loose with the courts" ' " *(Environmental Concern v Larchwood Constr. Corp., supra,* at 594, quoting *Scarano v Central Ry. Co.,* 203 F2d 510, 513).

Applying these principles to the case at bar, the Supreme Court properly applied the doctrine of inconsistent positions. Having obtained summary judgment against Caiano in the prior action by taking the position that the lease was a genuine and enforceable obligation, Ford may not now, in a separate action, rely upon Caiano's allegations to assert that the lease was indeed a disguise for a usurious purchase and lease-back transaction, and, thus, not a genuine instrument as warranted in the assignment. We note that, although Ford claims it was unaware of the fraudulent nature of the lease agreement when it commenced suit against Caiano, it was fully aware of all of Caiano's claims by the time it was served with his second affidavit in opposition to its motion for summary judgment in January 1992. Ford nevertheless elected to pursue its action against Caiano and obtained a judgment in its favor approximately nine months later. Thus, there is no merit to its argument that judicial estoppel should not be invoked here because it was unaware of Caiano's claims when it first took the position that the lease agreement was genuine and enforceable.

We have examined Ford's remaining contentions and find

that they are without merit. Miller, J. P., O'Brien, Krausman and Florio, JJ., concur.