■ In the Matter of the Dissolution of M. KRAUS, INC. DRAKE ZARNIN et al., Appellants; MARTIN RUBENFELD, Respondent. [645 NYS2d 304] —Order of the Supreme Court, New York County (Leland DeGrasse, J.), entered October 30, 1995, which granted respondent's motion for renewal and, upon renewal, granted respondent's motion to dismiss this proceeding upon the ground the petitioners lacked standing, is unanimously reversed, on the law and facts, without costs or disbursements, the motion for renewal denied, the petition reinstated, the cross-motion by petitioners granted to the extent of directing respondent to issue certificates of stock to petitioners, and the matter remanded for further proceedings.

Petitioners are the son-in-law and daughter of Kermit Kraus, the former owner of 50 shares representing 50% of the stock of M. Kraus, Inc. The petitioners purchased the 50 shares from Kraus in an agreement of January 1, 1983, for $150,000, payable in $20,000 annual installments with 9% interest. While the agreement provided that the stock would be held in escrow by the corporation's accountant until the full purchase price was paid, the agreement specifically stated: "KRAUS does hereby sell 25 shares of M. KRAUS, INC. stock to GLYN and 25 shares of M. KRAUS, INC. stock to DRAKE", and further, on the same day, Kermit Kraus also signed an Irrevocable Stock Power which provided that "the undersigned does (do) hereby sell, assign and transfer to Drake Zarnin (25) [and] Glyn Zarnin (25) 50 shares of the capital stock of M. Kraus, Inc. Plumbing [and] Heating Contractors". The record shows that the corporation's tax returns, signed by respondent Martin Rubenfeld, as president, list each of the petitioners as owning 25% of the stock of the corporation. In addition, respondent acknowledged in a letter dated and notarized November 18, 1986, that petitioners owned 50% of the shares.

The IAS Court initially erred in granting the motion by respondent for renewal, since there was no newly discovered evidence warranting such relief. A motion for renewal "must be based upon additional material facts which existed at the time the prior motion was made, but were not then known to the party seeking leave to renew, and, therefore, not made known to the court" (*Foley v Roche*, 68 AD2d 558, 568). Respondent obviously knew of the escrow agreement at the time of the original motion to dismiss since he attached a copy of the 1983 sale agreement as an exhibit to his motion papers. With this knowledge he had only to look at the stock ledger book of the corporation to determine if the certificates had been issued. Respondent sought dismissal of the petition on one legal ground and when this was denied sought renewal on a different legal ground, the basis of which was known to him or should have been known at the time of the original motion. This is not permitted (*supra*).

In any event, a 50% stockholder of a corporation may properly maintain a proceeding for dissolution pursuant to Business Corporation Law § 1104 (a) (3), even though such stockholder has not been issued certificates reflecting ownership (*Matter of Rappaport*, 110 AD2d 639). "A stock certificate is *evidence* of shareholder status, but is not necessary to its creation (*see, United States Radiator Corp. v State of New York*, 208 NY 144; *Matter of Walsh v Somerset Group*, 45 AD2d 915). When the consideration for shares has been paid in full, the subscriber is considered a holder of the shares and is entitled to all rights and privileges thereof (Business Corporation Law § 504 [i])." (*Supra*, at 641 [emphasis in original].)

It is clear from the record that the escrow provisions in the 1983 sale agreement were merely a security arrangement and that the agreement and the Irrevocable Stock Power executed simultaneously unambiguously provided for the present, immediate sale of the stock to petitioners. Additionally, in a sworn affidavit, Kermit Kraus forgave any balance due on the purchase price. Since petitioners demonstrated their ownership of the stock by documentary proof and sworn affidavits which were undisputed, the IAS Court should have granted their cross-motion to compel the issuance of stock certificates to them. Concur—Sullivan, J. P., Ellerin, Ross, Nardelli and Tom, JJ.