■ KEVIN MCCAFFREY, Appellant, v JOHN E. SCHAEFER, JR., et al., Respondents. [673 NYS2d 717] —In an action to recover damages for legal malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (DiBlasi, J.),

entered June 12, 1997, which granted the defendants' motion for summary judgment dismissing the complaint, and (2) a judgment of the same court, entered September 9, 1997, upon the order, which dismissed the complaint.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the law, by deleting the provision thereof which dismissed the complaint in its entirety and substituting therefor a provision dismissing the complaint insofar as asserted against the defendant John E. Schaefer, Jr., and severing the action against the remaining defendants; as so modified, the judgment is affirmed, without costs or disbursements, and the order dated June 11, 1997, is modified accordingly.

The appeal from the intermediate order must be dismissed because the right to appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

In a prior action against John E. Schaefer to recover on a promissory note, the appellant clearly alleged that the note constituted full and valid consideration for his forbearance from commencing a legal malpractice action. The appellant prevailed in that action because the Supreme Court accepted his account of the circumstances surrounding the execution of the note, and rejected Schaefer's allegation that there was no valid consideration for the note.

The appellant's current position, that the note was never intended to constitute full compensation for the alleged malpractice, is flatly inconsistent with his allegations in the prior action. The Supreme Court properly concluded, therefore, that the appellant's present malpractice claim against Schaefer is barred by the doctrine of judicial estoppel (*see, Ford Motor Credit Co. v Colonial Funding Corp.,* 215 AD2d 435, 436; *Prudential Home Mtge. Co. v Neildan Constr. Corp.,* 209 AD2d 394; *Kimco of N. Y. v Devon,* 163 AD2d 573; *Environmental Concern v Larchwood Constr. Corp.,* 101 AD2d 591). The appellant's contention that the doctrine of judicial estoppel, or estoppel against inconsistent positions, does not preclude him from maintaining the present action is without merit.

We are unable, on the record before us, to conclude as a matter of law that the promissory note constituted consideration for forbearance from litigation against the law firms.

The appellant's remaining contention is without merit. Rosenblatt, J. P., Ritter, Krausman and Luciano, JJ., concur.