■ JACK A. SUNSERI et al., Respondents, v MACRO CELLULAR PARTNERS, Appellant, et al., Defendant. [692 NYS2d 383] —Order, Supreme Court, New York County (Herman Cahn, J.), entered May 20, 1998, which, to the extent appealed from, denied defendant's motion for summary judgment, denied defendant's motion to vacate temporary restraining orders (TROs) dated August 6, 1996 and August 15, 1996, held in abeyance defendant's motion for costs incurred in connection with the above said TROs, and granted plaintiffs' motion for summary judgment insofar as to direct judgment in plaintiffs' favor as to liability on their third cause of action, unanimously affirmed, without costs.

The motion court properly determined that the presently asserted interests of plaintiffs-respondents, who sue as assignees of Anthony Sunseri's interest in defendant partnership Macro Cellular Partners, are not identical to the interests of Anthony Sunseri asserted in a California action brought by Anthony Sunseri against Macro Cellular. The motion court, then, correctly concluded that the judgment in the California action dismissing Anthony Sunseri's complaint with prejudice does not preclude on res judicata grounds the present plaintiffs from asserting their claims to certain distributions of partnership proceeds (see, *Matter of Farmland Dairies v Barber*, 65 NY2d 51, 55; *and see, City of Bell Gardens v County of Los Angeles*, 231 Cal App 3d 1563, 1567, 283 Cal Rptr 91, 93). However, while the California action may not be used as a predicate to bar the present action on grounds of res judicata, it is not entirely inconsequential herein. Having, as a prevailing party in the California action taken the position that Anthony Sunseri was without standing to enforce his rights as a partner because he had assigned his partnership interest to his son Jack Sunseri, defendant-appellant partnership is now judicially estopped from denying the validity of that assignment (see, *Jones Lang Wootton USA v LeBoeuf, Lamb, Greene & MacRae*, 243 AD2d 168, 176-177, *lv dismissed* 92 NY2d 962; *Ford Motor Credit Co. v Colonial Funding Corp.*, 215 AD2d 435, 436). In any event, the validity of the assignment was otherwise established and the award of partial summary judgment justified by unrefuted documentary evidence, demon-

strating that defendant-appellant partnership recognized and ratified the assignment to plaintiff Jack Sunseri subsequent to 1993.

The motion court properly denied defendant partnership relief with respect to the August 1996 temporary restraining orders, as superseded by the same court's order dated March 5, 1997 and entered on or about March 7, 1997, since defendant partnership never sought any relief with respect to the March order in its motion for summary judgment. Moreover, defendant partnership is precluded from raising any issue with respect to the March 1997 order, since it failed to perfect its prior appeal therefrom (see, Matter of Ellsman, 77 NY2d 926). Concur—Rosenberger, J. P., Williams, Mazzarelli, Lerner and Buckley, JJ.