■ EUROPEAN AMERICAN BANK, Appellant, v ROBERT J. MILLER, Respondent. [697 NYS2d 82] —In an action to recover on a guarantee, the plaintiff appeals from an order of the Supreme Court, Kings County (Shaw, J.), dated October 6, 1998, which granted the defendant's motion pursuant to CPLR 3211 (a) (1) to dismiss the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The Supreme Court erred when it granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (1). The documentary evidence submitted by the defendant did not contradict the complaint's factual claims (*see, Smuckler v Mercy Coll.,* 244 AD2d 329) or resolve all factual issues as a matter of law and definitively dispose of the plaintiff's claim (*see, Roth v Goldman,* 254 AD2d 405).

Contrary to the respondent's contention, the doctrine of judicial estoppel is not applicable to this case. Judicial estoppel, or the doctrine of inconsistent positions, precludes a party who assumed a certain position in a prior legal proceeding and secured a judgment therein from assuming a contrary position in another action simply because his or her interests have changed (*see, Tilles Inv. Co. v Town of Oyster Bay,* 207 AD2d 393, 394; *Ford Motor Credit Co. v Colonial Funding Corp.,* 215 AD2d 435; *Prudential Home Mtge. Co. v Neildan Constr. Corp.,* 209 AD2d 394). Here, there is nothing in the record to indicate that the plaintiff secured a favorable judgment in prior litigation as a result of its adoption of a position that is inconsistent with its position in this action. Bracken, J. P., O'Brien, Santucci and Goldstein, JJ., concur.