■ In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE Co., Respondent, v GERALD ALLSTON et al., Appellants. [751 NYS2d 795] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, the appeal is from an order of the Supreme Court, Suffolk County (Mullen, J.), dated April 16, 2002, which granted the petition and permanently stayed the arbitration.

Ordered that the order is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.

The appellants contended in a prior personal injury action that a vehicle operated by the appellant Gerald Allston was struck in the rear by a vehicle operated by Ian McLaughlin. By order dated December 4, 2001, the Supreme Court, Suffolk

County (Underwood, J.), granted McLaughlin's motion for summary judgment dismissing the complaint in the personal injury action insofar as asserted against him based, inter alia, on evidence that his vehicle did not make contact with the Allston vehicle. Thereafter, the appellants demanded arbitration of their uninsured motorist claim with the petitioner, State Farm Mutual Automobile Insurance Company (hereinafter State Farm), asserting that the Allston vehicle was struck by an unidentified, hit-and-run driver. State Farm commenced this proceeding to permanently stay the arbitration based upon the doctrine of judicial estoppel against inconsistent positions and the Supreme Court granted the petition. We reverse.

The law in this judicial department is settled that the "doctrine of judicial estoppel precludes a party from framing his pleadings in a manner inconsistent with a position taken in a prior judicial proceeding. However, the doctrine will be applied only 'where a party to an action has secured a judgment in his or her favor by adopting a certain position and then has sought to assume a contrary position in another action simply because his [or her] interests have changed'" (*Bono v Cucinella,* 298 AD2d 483, 484, quoting *Kimco of N.Y. v Devon,* 163 AD2d 573, 574, quoting *Anonymous v Anonymous,* 137 AD2d 739, 741; *see Lory v Parsoff,* 296 AD2d 535, 536; *European Am. Bank v Miller,* 265 AD2d 374). Here, the appellants never obtained a favorable judgment as a result of their inconsistent position in the personal injury action. Accordingly, the doctrine of judicial estoppel is inapplicable.

State Farm's remaining contention is unpreserved for appellate review and, in any event, is without merit. Santucci, J.P., Townes, Crane and Rivera, JJ., concur.