■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY RICHARDSON, Appellant. [812 NYS2d 930]—Judgment, Supreme Court, New York County (Jeffrey M. Atlas, J.), rendered on or about December 5, 2003, unanimously affirmed. No opinion. Order filed. Concur—Buckley, P.J., Marlow, Sullivan, Gonzalez and Sweeny, JJ.

■ In the Matter of ANNA MUSANO, Respondent-Appellant. SISTO FUNERAL HOME, INC., Appellant-Respondent. [813 NYS2d 422]—

Order, Supreme Court, Bronx County (Alan J. Saks, J.), entered February 18, 2005, which, to the extent appealed from, held that the issuance of 95 corporate shares after commencement of this proceeding was null and void under Business Corporation Law § 1114, which further denied petitioner's motion for an injunction against Frank Cieri and anyone working under him transacting business on behalf of the corporation, for appointment of a receiver or fiscal agent to oversee the corporate operations and report to the court during the pendency of these proceedings, and for nullification of the shareholder agreement executed by John Sisto and Cieri, and which found that Cieri was a shareholder and de facto president of the corporation, but failed to determine the number of shares owned by petitioner, unanimously affirmed, without costs.

Section 1114 applied to the issuance of the stock by a corporation during the pendency of the dissolution proceeding, inasmuch as it constituted an impermissible transfer of property (*see Matter of Rappaport*, 110 AD2d 639, 641 [1985]). The court's findings with respect to the operation of the corporation at this time were proper, with the understanding that should the parties be unable to reach a negotiated settlement pursuant to a purchase of petitioner's shares under Business Corporation Law § 1118, the parties could return for further proceedings.

We have considered the parties' remaining arguments for affirmative relief and find them without merit. Concur—Buckley, P.J., Marlow, Sullivan, Gonzalez and Sweeny, JJ.