ESTATE OF ANNA K. ESSIG, Deceased, et al., Respondents, v 5670 58 STREET HOLDING CORP. et al., Appellants, et al., Defendant. [855 NYS2d 686]—

In an action, inter alia, for a judgment declaring that the plaintiffs are the owners of 225 shares of the capital stock of the defendant 5670 58 Street Holding Corp., the defendants 5670 58 Street Holding Corp., Lorraine Angelillo, and Sandra Vaichunas appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Queens County (Weiss, J.), dated January 25, 2007, as granted that branch of the plaintiffs' motion which was for summary judgment on their cause of action for a judgment declaring that the plaintiffs are the owners of 225 shares of the capital stock of the defendant 5670 58 Street Holding Corp., and denied their cross motion to compel discovery and (2) an order of the same court dated April 16, 2007, as denied that branch of their motion which was for leave to renew their opposition to that branch of the plaintiffs' motion which was for summary judgment on their cause of action for a declaratory judgment.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that the plaintiffs are the owners of 225 shares of the capital stock of the defendant 5670 58 Street Holding Corp.

The plaintiffs (the estate of Anna K. Essig and the executor of the estate of Anna K. Essig) made a prima facie showing of their entitlement to judgment as a matter of law on their cause of action for declaratory relief by submitting two stock certificates indicating that, at the time of her death, Anna K. Essig

was the owner of 225 shares of the capital stock of the defendant 5670 58 Street Holding Corp. (hereinafter the Corporation). The stock certificates are more than 30 years old, are free from any indication of fraud or invalidity, and were discovered by the plaintiff Leroy J. Essig amongst the personal records of Anna K. Essig (hereinafter Anna) after her death. Under such circumstances, the stock certificates are self-authenticating pursuant to the ancient document rule (*see Szalkowski v Asbestospray Corp.,* 259 AD2d 867, 868 [1999]; *Tillman v Lincoln Warehouse Corp.,* 72 AD2d 40, 44 [1979]) and were properly received by the Supreme Court as proof of the facts stated therein (*see Tillman v Lincoln Warehouse Corp.,* 72 AD2d at 45). Moreover, contrary to the contention of the Corporation and the defendants Lorraine Angelillo and Sandra Vaichunas (hereinafter collectively the defendants) that the plaintiffs failed to establish that the stock certificates were validly issued by the Corporation in exchange for consideration paid for by Anna, the stock certificates themselves are "the written evidence of those facts" (*United States Radiator Corp. v State of New York,* 208 NY 144, 149 [1913]; *see Bandes v Harlow & Jones, Inc.,* 826 F Supp 700, 708 [1993]; *Matter of M. Kraus, Inc.,* 229 AD2d 347, 348 [1996]; *Matter of Rappaport,* 110 AD2d 639, 641 [1985]).

In opposition to that branch of the plaintiffs' motion which was for summary judgment on their cause of action for declaratory relief, the defendants failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). While the Supreme Court should have considered the evidence submitted by the defendants in their opposition papers that would have been barred at trial under CPLR 4519 (*see Coury v Arcuri,* 262 AD2d 268 [1999]), that evidence, along with the remainder of the evidence submitted by the defendants, was insufficient to raise a triable issue of fact as to the validity of the stock certificates or as to the plaintiffs' ownership of 225 shares of the Corporation's stock. Thus, that branch of the plaintiffs' motion which was for summary judgment on their cause of action for declaratory relief was properly granted.

The Supreme Court properly denied the defendants' cross motion to compel discovery (*see Matuszak v B.R.K. Brands, Inc.,* 23 AD3d 628 [2005]).

The Supreme Court properly denied that branch of the defendants' motion which was for leave to renew (*see Michael Stachnik Enters., Inc. v Hereford Dev. Corp.,* 38 AD3d 859, 860 [2007]; *Elder v Elder,* 21 AD3d 1055 [2005]).

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Queens County, for the entry

of a judgment declaring that the plaintiffs are the owners of 225 shares of the capital stock of the Corporation (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Fisher, J.P., Ritter, Dillon and McCarthy, JJ., concur. [*See* 14 Misc 3d 1225(A), 2007 NY Slip Op 50170(U).]