In an action to recover damages for personal injuries, the defendant Montalvo & Son Auto Repair Center, Ltd., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Saitta, J.), dated August 10, 2009, as granted the plaintiffs motion to confirm a referee’s report dated October 20, 2008, which, after a hearing, found that the plaintiff was injured while employed by the defendant Montalvo & Son Auto Repair Center, Ltd., on April 24, 2007, and was injured during the course of such employment, and granted those branches of the plaintiffs separate cross motion which were for summary judgment dismissing the fourth and fifth affirmative defenses asserted by the defendant Montalvo & Son Auto Repair Center, Ltd.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, the plaintiff’s motion to confirm the referee’s report, and those branches of his separate cross motion which were for summary judgment dismissing the fourth and fifth affirmative defenses asserted by the defendant Montalvo & Son Auto Repair Center, Ltd., are denied, and the matter is remitted to the Supreme Court, Kings County, for a new determination of those branches of the plaintiffs cross motion which were for summary judgment dismissing the fourth and fifth affirmative defenses asserted by the defendant Montalvo & Son Auto Repair Center, Ltd., after final resolution of a prompt application to the Workers’ Compensation Board to determine the parties’ rights under the Workers’ Compensation Law.
“[P]rimary jurisdiction with respect to determinations as to the applicability of the Workers’ Compensation Law has been vested in the Workers’ Compensation Board” (Botwinick v Ogden, 59 NY2d 909, 911 [1983]). Since questions of fact were raised as to whether the plaintiff was an employee of the defendant and was injured during the course of such alleged employment, the Supreme Court should not have referred the *964 matter for a determination by a referee and then confirmed the referee’s report (see Dunn v American Tr. Ins. Co., 71 AD3d 629, 630 [2010]; Nunes v Window Network, LLC, 54 AD3d 834, 835 [2008]). Rather, the Supreme Court should have referred the matter to the Workers’ Compensation Board (see Dunn v American Tr. Ins. Co., 71 AD3d at 630; Nunes v Window Network, LLC, 54 AD3d at 835).
Moreover, in confirming the referee’s report, the Supreme Court misapplied the doctrine of inconsistent positions or judicial estoppel (see Ford Motor Credit Co. v Colonial Funding Corp., 215 AD2d 435, 436 [1995]). That doctrine applies when a party has assumed a certain position in a prior legal proceeding and secured a favorable judgment therein, which thereby precludes that party from assuming a contrary position in another action simply because its interests have changed (see European Am. Bank v Miller, 265 AD2d 374 [1999]; Ford Motor Credit Co. v Colonial Funding Corp., 215 AD2d at 436; Kimco of NX v Devon, 163 AD2d 573, 574-575 [1990]). Since there was no prior legal proceeding wherein the defendant had successfully argued that the plaintiff was its employee, the doctrine of judicial estoppel was not applicable (see Bono v Cucinella, 298 AD2d 483, 484 [2002]; European Am. Bank v Miller, 265 AD2d at 374). Mastro, J.P., Florio, Belen and Chambers, JJ., concur.