■ GECMC 2007-C1 BURNETT STREET, LLC, Appellant-Respondent, v HOTI ENTERPRISES, L.P., Respondent-Appellant, et al., Defendants. [981 NYS2d 543]—

In an action to foreclose a consolidated mortgage, the plaintiff appeals (1) from an order of the Supreme Court, Kings County (Lewis, J.), dated April 4, 2012, as amended April 4, 2012, which, in effect, granted that branch of the cross motion of the defendant Hoti Enterprises, L.P., which was pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted against it and denied that branch of the plaintiff's motion which was, in effect, for summary judgment on the complaint insofar as asserted against that defendant, and (2), as limited by its brief, from so much of an order of the same court dated June 13, 2012, as, in effect, upon reargument, adhered to its prior determination in the order dated April 4, 2012, as amended April 4, 2012, and the defendant Hoti Enterprises, L.P., cross-appeals from the order dated April 4, 2012, as amended April 4, 2012.

Ordered that the cross appeal by the defendant Hoti Enterprises, L.P., is dismissed as abandoned; and it is further,

Ordered that the order dated April 4, 2012, as amended April 4, 2012, is reversed, on the law, that branch of the cross motion of the defendant Hoti Enterprises, L.P., which was pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted against it is denied, and that branch of the plaintiff's motion which was, in effect, for summary judgment on the complaint insofar as asserted against Hoti Enterprises, L.P., is granted; and it is further,

Ordered that the appeal from order dated June 13, 2012, made, in effect, upon reargument, is dismissed as academic in light of the determination on the appeal from the order dated April 4, 2012, as amended April 4, 2012, and the order dated June 13, 2012, is vacated; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The Supreme Court erred in granting that branch of the cross motion of the defendant Hoti Enterprises, L.P. (hereinafter Hoti), which was pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted against it, made on the ground that the plaintiff lacked standing to commence this action (*see*

*e.g. Bank of N.Y. v Silverberg*, 86 AD3d 274 [2011]). The Supreme Court further erred in denying that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against Hoti. Under the doctrine of judicial estoppel or inconsistent positions, a party who assumes a certain position in a prior legal proceeding and secures a favorable judgment therein is precluded from assuming a contrary position in another action simply because his or her interests have changed (*see European Am. Bank v Miller*, 265 AD2d 374 [1999]; *Ford Motor Credit Co. v Colonial Funding Corp.*, 215 AD2d 435, 436 [1995]; *Kimco of N.Y. v Devon*, 163 AD2d 573, 574-575 [1990]). The plaintiff established, prima facie, that Hoti was barred by the doctrine of judicial estoppel from denying that the plaintiff had standing to commence this action by virtue of the position Hoti took in a so-ordered stipulation entered in the United States Bankruptcy Court that, in connection with the subject note and mortgage, the plaintiff had "a perfected valid first priority secured claim" against it, that was "not subject to defense, counterclaim or offset" (*see Manhattan Ave. Dev. Corp. v Meit*, 224 AD2d 191, 192 [1996]; *Reynolds v C.I.R.*, 861 F2d 469, 475 [6th Cir 1988]; *see also Festinger v Edrich*, 32 AD3d 412 [2006]). The plaintiff further established, prima facie, that Hoti was in default under the note and mortgage loan obligation (*see e.g. Capital One, N.A. v Brooklyn Flatiron, LLC*, 85 AD3d 837 [2011]). In opposition to this prima facie showing, Hoti failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

In light of our determination, the parties' remaining contentions have been rendered academic.

Accordingly, the Supreme Court should have denied that branch of Hoti's cross motion which was pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted against it, and should have granted that branch of the plaintiff's motion which was, in effect, for summary judgment on the complaint insofar as asserted against Hoti. Balkin, J.P., Chambers, Austin and Roman, JJ., concur.