■ ROKA, LLC, Appellant, v HING LAM et al., Respondents, et al., Defendants. (And a Third-Party Action.) [6 NYS3d 242]—

Order, Supreme Court, New York County (Debra A. James, J.), entered April 23, 2014, which, to the extent appealed from, following a nonjury trial, dismissed plaintiff's cause of action seeking to pierce the corporate veil and hold defendants Hing Lam and Chester Chen (defendants) personally liable for unpaid rents, unanimously affirmed, without costs.

While defendants did not observe all corporate formalities, the fact that they ran a real business, with employees, customers and vendors, and that all of the company's debts were paid while they owned the company, supported the trial court's dismissal of plaintiff's alter ego claim (*cf. Fern, Inc. v Adjmi*, 197 AD2d 444, 445 [1st Dept 1993] [the evidence showed, inter alia, that defendant exercised complete dominion and control of corporate entity, which had no assets, liabilities, income, or regularly elected officers or directors, and had never transacted any business other than entering the lease agreement at issue for which unpaid rent was owed plaintiff]). Moreover, because defendants sold their shares of the company six months prior to the default in rent payments about which plaintiff complains, any failure to observe the corporate form could not have proximately caused plaintiff's loss (*see James v Loran Realty v Corp.*, 85 AD3d 619, 620 [1st Dept 2011], *affd* 20 NY3d 918 [2012]).

To the extent the transfer of defendants' shares in the company violated the text of the limited assignment clause in the lease, the fact that the transfer was disclosed to plaintiff

beforehand, and that plaintiff accepted rent after the transfer for several months, bars a claim that defendants used the transfer to defraud or mislead plaintiff.

Defendants' statements in their codefendant's bankruptcy could not give rise to judicial estoppel, because they did not obtain any relief in that proceeding (*see Sunseri v Macro Cellular Partners*, 263 AD2d 365 [1st Dept 1999]).

Finally, the court's finding that defendants were personally liable for a tort of conversion with regard to certain equipment did not contradict the finding that they were not alter egos of the corporation on the failure to pay rent claim. Concur— Gonzalez, P.J., Acosta, Moskowitz, Richter and Feinman, JJ.