Bihn v Connelly (2018 NY Slip Op 03956)





Bihn v Connelly


2018 NY Slip Op 03956


Decided on June 6, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2016-10632
 (Index No. 57137/16)

[*1]Jon Bihn, appellant, 
v
Susan Connelly, etc., et al., respondents.


Scott Stone, P.C., White Plains, NY, for appellant.
Brown, Gruttadaro, Gaujean Plato & Sastow, PLLC, White Plains, NY (Neil B. Connelly, respondent pro se, of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to impose a constructive trust, the plaintiff appeals from an order of the Supreme Court, Westchester County (Sam D. Walker, J.), dated September 6, 2016. The order granted the defendants' motion for summary judgment dismissing the complaint, to vacate the notice of pendency, and to impose sanctions pursuant to 22 NYCRR 130.1-1(a).
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendant Susan Connelly and her husband, inter alia, to impose a constructive trust. The plaintiff alleged that he and Susan were in a relationship and jointly owned property in Ardsley, where they resided from 1997 until 2007. In 2007, they sold that property and allegedly used the proceeds to purchase and renovate real property on Chaucer Street in Hartsdale (hereinafter the Chaucer Street property), which was titled solely in the name of Susan Connelly, then known as Susan Fishman. The plaintiff alleged that Susan promised him a 50% interest in the property and rights of survivorship. The plaintiff further alleged that he paid nearly all of the mortgage payments and property taxes through March 2009, by which point the plaintiff and Susan had already ended their relationship. According to the plaintiff, Susan promised that, although she would continue living at the property and would pay the mortgage and taxes, the plaintiff was entitled to half of the proceeds when the property was sold.
The defendants moved for summary judgment dismissing the complaint, to vacate the notice of pendency with respect to the Chaucer Street property, and to impose sanctions in the form of attorney's fees and costs pursuant to 22 NYCRR 130-a.1(a). They contended that in 2011, the plaintiff represented in a bankruptcy petition that he had no interests in real property. Therefore, he was judicially estopped from contending that he had an interest in the Chaucer Street property. The Supreme Court granted the defendants' motion and, in effect, awarded them sanctions in the form of attorney's fees and costs in the total sum of $2,500.
We agree with the Supreme Court's determination that this action is barred by the doctrine of judicial estoppel. Under the doctrine of judicial estoppel, also known as estoppel against inconsistent positions, a party may not take a position in a legal proceeding that is contrary to a position he or she took in a prior proceeding, simply because his or her interests have changed (see Festinger v Edrich, 32 AD3d 412, 413; McCaffrey v Schaefer, 251 AD2d 300, 301; Ford Motor Credit Co. v Colonial Funding Corp., 215 AD2d 435, 436). The doctrine applies only where the party secured a judgment in his or her favor in the prior proceeding (see State Farm Mut. Auto. Ins. [*2]Co. v Allston, 300 AD2d 669, 670; Tilles Inv. Co. v Town of Oyster Bay, 207 AD2d 393, 394). This doctrine "rests upon the principle that a litigant should not be permitted . . . to lead a court to find a fact one way and then contend in another judicial proceeding that the same fact should be found otherwise'" (Ford Motor Credit Co. v Colonial Funding Corp., 215 AD2d at 436, quoting Environmental Concern v Larchwood Constr. Corp., 101 AD2d 591, 593). "The doctrine is invoked to estop parties from adopting such contrary positions because the judicial system cannot tolerate this playing fast and loose with the courts" (Ford Motor Credit Co. v Colonial Funding Corp., 215 AD2d at 436 [internal quotation marks omitted]).
Here, the plaintiff's contention that he had an interest in the Chaucer Street property based on promises that Susan made to the plaintiff in 2007 and 2009 is contrary to his representation to the United States Bankruptcy Court in 2011 that he had no interest in real property. Based upon the plaintiff's representations to the Bankruptcy Court, his debts were discharged. Therefore, we agree with the Supreme Court that this action is barred by the doctrine of judicial estoppel (see Festinger v Edrich, 32 AD3d at 413; McCaffrey v Schaefer, 251 AD2d at 301; Perkins v Perkins, 226 AD2d 610; Ford Motor Credit Co. v Colonial Funding Corp., 215 AD2d at 436).
Moreover, the Supreme Court did not improvidently exercise its discretion in awarding sanctions in the form of attorney's fees and costs to the defendants upon a finding that the action was completely without merit in law and could not be supported by a reasonable argument for an extension, modification, or reversal of existing law (see 22 NYCRR 130-1.1[c][1]; Miller v James, 262 AD2d 617; see also Greene v Rachlin, 154 AD3d 818, 819).
The defendants' remaining contention is without merit.
CHAMBERS, J.P., COHEN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court