Niznick v Sybron Can. Holdings, Inc. (2019 NY Slip Op 04092)





Niznick v Sybron Can. Holdings, Inc.


2019 NY Slip Op 04092


Decided on May 28, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 28, 2019

Friedman, J.P., Gische, Tom, Webber, Gesmer, JJ.


650726/18 9423 9422

[*1]Gerald A. Niznick, et al., Plaintiffs-Appellants,
v
Sybron Canada Holdings, Inc., et al., Defendants-Respondents.


Davidoff Hutcher & Citron LLP, New York (Martin H. Samson of counsel), for appellants.
Williams & Connolly LLP, New York (Adam J. Podoll of counsel), for respondents.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered July 19, 2018, which granted defendants' motion to dismiss the complaint, and order, same court and Justice, entered January 22, 2019, which, to the extent appealed from, denied plaintiffs' motion to renew, unanimously modified, on the law, to
declare that the contractual provisions at issue did not begin their five-year term on January 29, 2014, and, as so modified, affirmed, without costs.
Neither the doctrine of res judicata nor the doctrine of judicial or collateral estoppel applies to the issue of when plaintiff Gerald A. Niznick transferred his 25% share in the joint venture, because the parties did not previously litigate the issue, and defendants did not take the position that Niznick did not own shares after January 29, 2014 (see e.g. Ford Motor Credit Co. v Colonial Funding Corp., 215 AD2d 435, 436 [2d Dept 1995] [having prevailed on summary judgment in prior action on position that lease was genuine and enforceable, party may not in separate action argue that lease was not genuine]). In the prior action, the court set a retroactive date for the transfer of the shares, upon a finding that the employment call option in the agreement had been triggered, solely for the purpose of fixing the date of breach and enabling a determination of damages. Moreover, to find that the retroactive date also applied to the running of the non-compete and non-solicitation clauses would grant a benefit to Niznick for having breached the agreement, an unfair reading leading to an absurd result (see Greenwich Capital Fin. Prods., Inc. v Negrin, 74 AD3d 413 [1st Dept 2010]).
We have considered plaintiffs' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 28, 2019
CLERK