Re/Max of N.Y., Inc. v Weber (2019 NY Slip Op 08432)





Re/Max of N.Y., Inc. v Weber


2019 NY Slip Op 08432


Decided on November 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-00226
 (Index No. 600848/16)

[*1]Re/Max of New York, Inc., plaintiff-appellant- respondent, 
v
Henry Weber, defendant third-party plaintiff- respondent-appellant; Pierre Titley, et al., third- party defendants-appellants-respondents.


Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, Lake Success, NY (Matthew F. Didora and Laura Mulholland of counsel), for plaintiff-appellant-respondent and third-party defendants-appellants-respondents.
Henry Weber, Jensen Beach, Florida, defendant third-party plaintiff-respondent-appellant pro se.



DECISION & ORDER
In an action for a judgment declaring that the defendant is not a shareholder of the plaintiff, the plaintiff and the third-party defendants appeal, and the defendant cross-appeals, from an order of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), entered December 6, 2016. The order, insofar as appealed from, upon reargument, (1) adhered to a determination in an order of the same court entered August 25, 2016, denying that branch of the prior motion of the plaintiff and the third-party defendants which was for summary judgment declaring that the defendant is not a shareholder of the plaintiff, (2), upon searching the record, awarded the defendant summary judgment declaring that he is a shareholder of the plaintiff, that he holds a total of 15 shares, and that he is entitled to the fair value of his shares, and (3), upon, in effect, vacating a determination in the order entered August 25, 2016, denying that branch of the prior motion of the plaintiff and the third-party defendants which was for summary judgment dismissing the defendant's first counterclaim, and thereupon, granting that branch of the motion, granted the defendant leave to replead that counterclaim as a derivative counterclaim. The order, insofar as cross-appealed from, upon reargument, upon searching the record, awarded the defendant summary judgment declaring that he holds a total of only 15 shares of the plaintiff, and, upon determining that he is entitled to the fair value of his shares taking into account the "economic impact" of the sale of the plaintiff to its parent company, failed to define the term "economic impact."
ORDERED that the appeal by the third-party defendants is dismissed as abandoned; and it is further,
ORDERED that the appeal by the plaintiff from so much of the order entered December 6, 2016, as, upon reargument, upon searching the record, awarded the defendant summary judgment declaring that he holds a total of 15 shares of the plaintiff is dismissed as academic; and it is further,
ORDERED that the appeal by the plaintiff from so much of the order entered December 6, 2016, as, upon reargument, upon, in effect, vacating the determination in the order entered August 25, 2016, denying that branch of the motion of the plaintiff and the third-party [*2]defendants which was for summary judgment dismissing the defendant's first counterclaim, and thereupon, granting that branch of the motion, granted the defendant leave to replead that counterclaim as a derivative counterclaim is dismissed as academic; and it is further,
ORDERED that the cross appeal by the defendant is dismissed as academic; and it is further,
ORDERED that the order entered December 6, 2016, is modified, on the law, by deleting the provision thereof, upon reargument, upon searching the record, awarding the defendant summary judgment declaring that he is a shareholder of the plaintiff and is entitled to the fair value of his shares; as so modified, the order entered December 6, 2016, is affirmed insofar as reviewed on the appeal by the plaintiff; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff, payable by the defendant.
The plaintiff, Re/Max of New York, Inc. (hereinafter RMNY), commenced this action for a judgment declaring that the defendant, Henry Weber, is not a shareholder of the company. Weber asserted counterclaims to recover damages for: (1) the depreciation in the value of RMNY's stock; (2) wrongful termination; and (3) violation of the Sarbanes-Oxley Act of 2002. Weber also commenced a third-party action against Pierre Titley, Ginette Lambert, and Can-Am Holdings, Inc. (hereinafter Can-Am). Thereafter, RMNY and the third-party defendants jointly moved for summary judgment declaring that Weber is not a shareholder of RMNY, and for summary judgment dismissing the counterclaims and the third-party complaint. By order entered August 25, 2016, the Supreme Court denied that branch of the motion which was for summary judgment declaring that Weber is not a shareholder of RMNY, concluding that, although the movants demonstrated, prima facie, that Weber was not a shareholder, Weber raised a triable issue of fact in opposition. The court also denied those branches of the motion which were for summary judgment dismissing the first and second counterclaims with leave to renew those branches of the motion at the conclusion of discovery, and granted that branch of the motion which was for summary judgment dismissing the third counterclaim. The court denied that branch of the motion which was for summary judgment dismissing the third-party complaint.
Thereafter, RMNY and the third-party defendants moved for leave to renew and reargue those branches of their prior motion which were for summary judgment on the complaint, and for summary judgment dismissing the first and second counterclaims and the third-party complaint. By order entered December 6, 2016, the Supreme Court granted leave to reargue. Upon
reargument, the court adhered to its prior determination denying that branch of the motion which was for summary judgment declaring that Weber is not a shareholder of RMNY, and, upon searching the record, awarded Weber summary judgment declaring that he is a shareholder of RMNY, that he holds a total of 15 shares, and that he is entitled to the fair value of his shares, "taking into account the subsequent economic impact'" of the sale of RMNY to its parent company. The court also, upon reargument, in effect, vacated the determination in the order entered August 25, 2016, denying that branch of the motion of RMNYand the third-party defendants which was for summary judgment dismissing Weber's first counterclaim, and thereupon, granted that branch of the motion and granted Weber leave to replead that counterclaim as a derivative counterclaim.
The appeal by the third-party defendants must be dismissed as abandoned, as RMNY and the third-party defendants do not seek any relief with respect to the third-party defendants in their brief. RMNY's appeal from the portion of the order entered December 6, 2016, which, upon reargument, and upon, in effect, vacating the determination in the prior order denying that branch of the motion of RMNY and the third-party defendants which was for summary judgment dismissing the first counterclaim, and thereupon, granting that branch of the motion, granted Weber leave to replead that counterclaim as a derivative counterclaim must be dismissed. The appeal from that portion of the order has been rendered academic by an order of the same court entered June 8, 2017, which, sua sponte, amended that portion of the order to deny Weber leave to amend his answer to assert a derivative counterclaim (see Re/Max of New York, Inc. v Weber, ____ AD3d ____ [Appellate Division Docket No. 2017-07860; decided herewith]). RMNY's appeal from so much of the order [*3]entered December 6, 2016, as, upon reargument, upon searching the record, awarded Weber summary judgment declaring that he holds a total of 15 shares of RMNY must be dismissed as academic because it has been rendered academic by the order entered June 8, 2017. The cross appeal also must be dismissed because it has been rendered academic by the order entered June 8, 2017. In that order, the Supreme Court, sua sponte, amended the declaration in the order entered December 6, 2016, so as to declare that Weber is a shareholder of RMNY, without specifying the number of shares owned by Weber and without using the term "economic impact" (see id.).
RMNY made a prima facie showing of its entitlement to judgment as a matter of law declaring that Weber is not a shareholder of RMNY. In support of its motion, RMNY submitted, among other things, deposition transcripts and an affidavit in other actions involving Weber, in which Weber denied that he was a shareholder of RMNY and testified that Can-Am was the sole shareholder, a shareholders' agreement prohibiting the shareholders of RMNY from transferring their shares without first offering them for sale to all shareholders pro rata, and an affidavit of Titley, who averred that Weber acted merely as a facilitator to assist in the corporate buy-back of 15 shares of stock from nonparty Marcel St. Onge and that no stock certificate was ever issued to Weber.
In opposition to that branch of RMNY's motion which was for summary judgment, Weber raised a triable issue of fact as to his ownership of shares of RMNY's stock (see Alvarez v Prospect Hosp., 68 NY2d 320), through, inter alia, his affidavit and a stock purchase agreement which provided for Weber's purchase of 15 shares of RMNY stock from St. Onge (see United States Radiator Corp. v State of New York, 208 NY 144; Matter of Rappaport, 110 AD2d 639, 641; Matter of Walsh v Somerset Group, 45 AD2d 915).
Moreover, contrary to RMNY's contention, Weber's prior admissions made in other actions that he was not a shareholder of RMNY did not constitute formal judicial admissions entitling RMNY to summary judgment. Formal judicial admissions are facts admitted by a party's pleadings (see Zegarowicz v Ripatti, 77 AD3d 650, 653; Falkowski v 81 & 3 of Watertown., 288 AD2d 890, 891; Jerome Prince, Richardson on Evidence § 8-215 at 523-524 [Farrell 11th ed 1995]), and are conclusive of the facts admitted in the action in which they are made (see Coffin v Grand Rapids Hydraulic Co., 136 NY 655). The admissions relied upon here were not made in this action.
Furthermore, RMNY failed to establish that the doctrine of judicial estoppel applies. Under the doctrine of judicial estoppel, also known as estoppel against inconsistent positions, a party may not take a position in a legal proceeding that is contrary to a position he or she took in a prior proceeding, simply because his or her interests have changed (see Bihn v Connelly, 162 AD3d 626, 627; Festinger v Edrich, 32 AD3d 412, 413; McCaffrey v Schaefer, 251 AD2d 300, 301; Ford Motor Credit Co. v Colonial Funding Corp., 215 AD2d 435, 436). The doctrine applies only where the party secured a judgment in his or her favor in the prior proceeding (see Matter of State Farm Mut. Auto. Ins. Co. v Allston, 300 AD2d 669, 670; Tilles Inv. Co. v Town of Oyster Bay, 207 AD2d 393, 394). This doctrine "rests upon the principle that a litigant should not be permitted . . . to lead a court to find a fact one way and then contend in another judicial proceeding that the same fact should be found otherwise'" (Ford Motor Credit Co. v Colonial Funding Corp., 215 AD2d at 436, quoting Environmental Concern v Larchwood Constr. Corp., 101 AD2d 591, 593). "The doctrine is invoked to estop parties from adopting such contrary positions because the judicial system cannot tolerate this playing fast and loose with the courts" (Ford Motor Credit Co. v Colonial Funding Corp., 215 AD2d at 436 [internal quotation marks omitted]). Here, since RMNY failed to show that Weber secured any formal grant of relief in the other actions based upon his prior statements, they do not implicate the doctrine of inconsistent positions (see Matter of State Farm Mut. Auto. Ins. Co. v Allston, 300 AD2d at 670). Rather, the statements constitute informal judicial admissions that are not conclusive but are "merely evidence of the fact or facts admitted" (Jerome Prince, Richardson on Evidence § 8-219 at 530 [Farrell 11th ed 1995]), "the circumstances of which may be explained at trial" (Bogoni v Friedlander, 197 AD2d 281, 293; see Michigan Natl. Bank-Oakland v American Centennial Ins. Co., 89 NY2d 94, 103; Baje Realty Corp. v Cutler, 32 AD3d 307, 310; Koslowski v Koslowski, 245 AD2d 266, 268).
However, because there are triable issues of fact as to, inter alia, the validity of the stock certificate submitted by Weber and whether Weber acquired the shares in his personal capacity [*4]or merely facilitated the corporate buy-back of the shares, the Supreme Court should not have, upon reargument, searched the record and awarded Weber summary judgment declaring that he was a shareholder of RMNY and is entitled to the fair value of his shares (see Alvarez v Prospect Hosp., 68 NY2d 320; cf. Estate of Essig v 5670 58 St. Holding Corp., 50 AD3d 948).
SCHEINKMAN, P.J., MALTESE, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court