322 W. 47th St. HDFC v Tibaldeo (2021 NY Slip Op 04199)





322 W. 47th St. HDFC v Tibaldeo


2021 NY Slip Op 04199


Decided on July 06, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 06, 2021

Before: Acosta, P.J., Kapnick, Moulton, Scarpulla, JJ. 




[*1]322 West 47th Street HDFC, Plaintiff/Counterclaim-Defendant-Respondent-Appellant,
v
Camille Tibaldeo, Defendant/Counterclaim-Plaintiff, Lawrence Guarino, Defendant/Counterclaim-Plaintiff-Appellant-Respondent, Margie Loo, et al., Defendants. [And other Actions.]


Mobilization for Justice, Inc., New York (Andrew Darcy of counsel), for appellant-respondent.
Zingman Associates PLLC, New York (Cheryl R. Ginsburg of counsel), for respondent-appellant.



Order, Supreme Court, New York County (David B. Cohen, J.), entered June 25, 2020, which, insofar as appealed from as limited by the briefs, denied in part the motion of plaintiff 322 West 47th Street HDFC (HDFC) for summary judgment, denied defendant Lawrence Guarino's cross motion for summary judgment, and granted Guarino's motion to amend his pleadings, unanimously affirmed, without costs.
The motion court properly granted HDFC's motion for summary judgment dismissing as untimely defendant Guarino's first, fourth, and fifth counterclaims in his amended answer relying on correspondence from 1993 and 1994 in order to establish his status as a shareholder in HDFC. Although the record shows that Guarino had raised the circumstances of his right to purchase the shares to his apartment in his 1998 answer to a holdover proceeding, the transaction at issue in that case, the nonrenewal of his 1993 lease, is not the same transaction at issue in the 2017 holdover proceeding joined with the Supreme Court action here, which relates to his failure to enter into a renewal lease in 2013. Based on these facts, Guarino's reliance on the savings provision of CPLR 205(b) is unavailing. The motion court properly determined that the same reasoning applied to Guarino's counterclaim alleging the same facts on the theory of promissory estoppel (MatlinPatterson ATA Holdings LLC v Federal Express Corp., 87 AD3d 836, 841-842 [1st Dept 2011], lv denied 21 NY3d 853 [2013]; CPLR 213[2]).
The motion court properly denied the motion and cross motion seeking summary judgment on Guarino's second amended counterclaim seeking a declaration that he is the proprietary lessee of the apartment under the 2009 proprietary lease and directing HDFC to issue a share certificate for the shares to the apartment, given the sharply contested facts and questions of credibility to be resolved by the trier of fact (see Charles J. Hecht, P.C. v Clowes, 224 AD2d 312, 312 [1st Dept 1996]). Contrary to the HDFC's contention, whether a share certificate was issued at the 2009 closing does not determine as a matter of law whether Guarino became a shareholder (see Matter of M. Kraus, Inc., 229 AD2d 347, 348 [1st Dept 1996]).
The motion court providently granted Guarino's motion for leave to amend to assert a defense in his L&T answer and a counterclaim in his Supreme Court answer predicated on collateral estoppel. While a motion for leave to amend should not be granted if the nonmoving party would be prejudiced by the delay, "the need for additional discovery does not constitute prejudice sufficient to justify denial of an amendment" (Jacobson v McNeil Consumer & Specialty Pharms., 68 AD3d 652, 654 [1st Dept 2009]). Here, the parties do not dispute that depositions have not taken place and discovery is not otherwise complete. Given that HDFC's initial pleading asserted that the 2009 proprietary lease was deemed invalid by the 2013 order and judgment in a derivative action against the board president[*2], its assertion in opposition to Guarino's motion to amend that the question was not actually litigated and necessarily decided in that action cannot be determined on this record, nor can it be said that the amendment was palpably improper.
We have considered the parties' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 6, 2021