■ LOUIS SHAW, Respondent, v STEWART FRANKLIN APARTMENTS, Appellant.—In a negligence action to recover damages for personal injuries, defendant appeals (1) from an order of the Supreme Court, Nassau County, dated November 26, 1974, which granted plaintiff's motion to strike defendant's answer, and (2) from so much of a further order of the same court, dated January 31, 1975, as, (a) upon reargument, adhered to the original determination and (b) granted plaintiff's further motion for a general

preference and an inquest. Appeal from order dated November 26, 1974, dismissed as academic. That order was superseded by the order of January 31, 1975. Order dated January 31, 1975 modified by adding thereto, immediately after the provision adhering to the original determination, the following: "unless defendant forward to plaintiff's attorney a completed and properly executed deposition and pay plaintiff's attorney the sum of $100," and, if defendant complies with this condition, the order is further modified by striking therefrom the provisions with respect to placement of the action on the inquest calendar. As so modified, order affirmed insofar as appealed from. This modification is upon the condition that the afore-mentioned deposition must be furnished and the $100 payment must be made within 20 days after service of a copy of the order to be entered hereon, with notice of entry thereof. Appellant is awarded one bill of $20 costs and disbursements to cover both appeals. The striking of an answer is an extreme penalty and, in the interests of justice, should not be invoked in the case at bar without affording defendant a final opportunity to complete its examination before trial. Rabin, Acting P. J., Hopkins, Christ, Munder and Shapiro, JJ., concur.