■ RAYMONDE SHAMSEE, Respondent, v MUDDASSIR A. SHAMSEE, Appellant.—In an action for divorce or separation, in which the defendant husband counterclaimed, *inter alia,* for a judgment declaring the invalidity of the marriage on the ground that the person who solemnized it was not registered with the City Clerk of the City of New York, defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County, entered October 29, 1975, as denied his motion for summary judgment. Order affirmed insofar as appealed from, with $50 costs and disbursements. The parties obtained a New York State marriage license in 1956. The ceremony was performed in Manhattan by a Muslim *qadi,* who, in a duly witnessed marriage certificate which was filed with the city clerk, certified that he had solemnized "the rites of matrimony" between the parties. The parties lived together as husband and wife for almost 20 years; now that plaintiff seeks a divorce, defendant alleges that the marriage is a nullity because the *qadi* was not registered with the city clerk as required by section 11-b of the Domestic Relations Law. The absence of such registration does not suffice to void a marriage (see *Matter of Liberman,* 6 Misc 2d 396, revd on other grounds 4 AD2d 512, affd 5 NY2d 719; accord *Matter of Liebman,* 44 Misc 2d 191). Martuscello, Acting P. J., Latham, Cohalan, Damiani and Titone, JJ., concur.

■ GREGORY J. SYSOL, Respondent, v WILLIAM M. SOMMER, Appellant. —In a negligence action to recover damages for personal injuries, defendant appeals from two orders of the Supreme Court, Nassau County, entered September 17, 1975 and October 7, 1975, respectively, which, *inter alia,* granted plaintiff's motion to strike his answer. Orders reversed, without costs or disbursements, on condition that defendant pay plaintiff's attorney the sum of $350 within 20 days after service upon defendant of a copy of the order to be made hereon, together with notice of entry; and otherwise orders affirmed, with one bill of $50 costs and disbursements. The striking of an answer is an extreme penalty and, under all of the circumstances, that penalty should not have been invoked in this case (see *Shaw v Stewart Franklin Apts.,* 49 AD2d 892). Margett, Damiani, Rabin and Hawkins, JJ., concur; Cohalan, Acting P. J., dissents and votes to affirm the orders.