■ KAY LOWINGER, Also Known as KYUNG S. LOWINGER, Appellant, v LOUIS LOWINGER, Respondent. [757 NYS2d 323] —In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her notice of appeal and brief, from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Shapiro, J.), dated November 26, 2001, as denied her request at trial for an award of maintenance, denied her motion to set aside a stipulation pertaining to the marital home, and failed to determine her motion, inter alia, to strike the defendant's answer pursuant to CPLR 3126.

Ordered that the appeal from so much of the order and judgment as failed to determine the plaintiff's motion, inter alia, to strike the defendant's answer is dismissed as that motion is pending and undecided (*see Katz v Katz,* 68 AD2d 536 [1979]); and it is further,

Ordered that the judgment is modified, on the law, by deleting the decretal paragraph thereof denying the plaintiff's request for maintenance; as so modified, the judgment is affirmed insofar as reviewed, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Westchester County, for (1) a hearing and new determination with respect to the plaintiff's application for maintenance in accordance herewith, and (2) a determination of the plaintiff's motion, inter alia, to strike the defendant's answer.

After the plaintiff commenced this divorce action, she sued her mother-in-law, Edith Lowinger, in the Supreme Court, New York County (hereinafter the New York action), to enforce oral promises allegedly made by her mother-in-law, inter alia, that she would "give plaintiff a 'wonderful' house for the family" (*Lowinger v Lowinger*, 287 AD2d 39, 43 [2001]). As part of the background information included in the verified complaint in the New York action, the plaintiff alleged that the defendant was incapable of earning a living. A jury in the New York action determined that the mother-in-law had, indeed, promised to give the plaintiff a house for the family. On appeal, the Appellate Division, First Department, reversed and dismissed the plaintiff's complaint on the basis that the oral promise violated the statute of frauds (*see Lowinger v Lowinger, supra* at 44).

During the divorce trial in the instant action, the trial court granted the defendant's motion to preclude all evidence pertaining to his earnings and imputed earnings. This ruling was based on the plaintiff's alleged inconsistent position in the New York action wherein she asserted that the defendant was incapable of earning a living. Thus, the plaintiff was prevented from proving in the divorce action the basis for her entitlement to an award of maintenance. The trial court erred in granting the defendant's motion to preclude such evidence. Judicial estoppel, or the doctrine of inconsistent positions, precludes a party who successfully assumed a certain position in a prior legal proceeding and secured a judgment therein from assuming a contrary position in another action simply because his or her interests have changed (*see European Am. Bank v Miller,* 265 AD2d 374 [1999]; *Tilles Inv. Co. v Town of Oyster Bay,* 207 AD2d 393, 394 [1994]; *cf. Ford Motor Credit Co. v Colonial Funding Corp.,* 215 AD2d 435, 436 [1995]). Here, the plaintiff failed to secure a favorable judgment in the New York action. Since the defendant is not entitled to preclusion of his financial capacity, including his income and imputed income, the matter must be remitted to the Supreme Court, Westchester County, for a hearing on the issue of the plaintiff's entitlement to an award of maintenance.

However, contrary to the plaintiff's contention, the trial court properly denied her motion to set aside the stipulation that the home in which the parties resided during the marriage would not be considered a marital asset for purposes of equitable distribution. A stipulation made in open court is to be strictly enforced, and a party will not be relieved from its consequences unless he or she establishes cause sufficient to invalidate a contract, such as fraud, collusion, mistake, or accident (*see*

*Quality Ceramic Tile & Marble Co. v Cherry Val. Ltd. Partnership,* 259 AD2d 607 [1999]). The record belies the plaintiff's claim that her counsel did not understand the nature of the stipulation.

To the extent that the plaintiff contends that the defendant's answer should be stricken, no decision on her motion, inter alia, to strike the answer was ever made. Accordingly, the motion remains pending and undecided (*see Katz v Katz, supra*).

In light of our determination, it is unnecessary to address the plaintiff's remaining contentions. Krausman, J.P., Townes, Crane and Mastro, JJ., concur.