■ ALEJANDRO CRESPO, Appellant, v PATRICIA A. CRESPO, Respondent. [765 NYS2d 59] —In a matrimonial action in which the parties were divorced by judgment entered December 23, 1988, the plaintiff former husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Marano, J.), dated August 8, 2002, as denied those branches of his motion which were to modify the judgment and to compel the reimbursement of certain maintenance payments made to the defendant former wife.

Ordered that the order is affirmed insofar as appealed from, with costs.

By separation agreement dated September 17, 1986, and

subsequently acknowledged by both parties, the parties agreed to live separate and apart. The separation agreement provided, inter alia, that the plaintiff pay maintenance to the defendant until the plaintiff or the defendant died, or the defendant remarried. The separation agreement does not have an expiration date. Thereafter, on March 8, 1988, the defendant purportedly executed a "statement of disclosure" which reads, in relevant part, that it is to "certify that the last alimony payment will be in October, 2001, the expiration date of this Separation Agreement."

The plaintiff subsequently commenced this action based upon the parties living separate and apart for more than a year pursuant to a separation agreement (*see* Domestic Relations Law § 170 [6]). On December 23, 1988, the Supreme Court, Nassau County, entered a judgment of divorce. The judgment, entered upon the motion of the plaintiff's counsel, incorporated the September 17, 1986, separation agreement by reference but provided that it survive. It also provided for maintenance to be paid to the defendant pursuant to the terms of the separation agreement. Significantly, nowhere in the judgment is the statement of disclosure mentioned.

The plaintiff moved, inter alia, to modify the judgment of divorce to terminate his obligation to pay maintenance based upon the statement of disclosure. The Supreme Court denied that branch of the motion, finding the statement of disclosure could not be enforced, as it had not been properly acknowledged. We affirm, but for a different reason than that stated by the Supreme Court.

The doctrine of judicial estoppel or the prohibition against inconsistent positions prohibits a party from obtaining a favorable judgment and subsequently taking an inconsistent position simply because his or her interests have changed (*see Lowinger v Lowinger,* 303 AD2d 723 [2003]; *Matter of State Farm Mut. Auto. Ins. Co. v Allston,* 300 AD2d 669 [2002]). In this instance, the plaintiff obtained a favorable judgment in his action for a divorce based at least in part upon the representation that the parties had been living separate and apart pursuant to the terms of the separation agreement, one of which was that he would pay lifetime maintenance to the defendant, except in the event of the occurrence of one of the three circumstances. To accept the argument he now puts forward would retroactively modify that agreement and add a fourth self-serving and self-limiting circumstance, i.e., that his obligation to pay maintenance expired in October 2001. This is contrary to the position he took at the time of the entry of the

judgment of divorce and is prohibited under the doctrine of judicial estoppel *(see Lowinger v Lowinger, supra; Matter of State Farm Mut. Auto. Ins. Co. v Allston, supra).*

In light of this determination, we need not reach the parties' remaining contentions. Florio, J.P., Schmidt, Adams and Crane, JJ., concur.