■ In the Matter of the Estate of DAOUD FARRAJ, Also Known as DAVID I. FARRAJ, Deceased. SAED FARRAJ, as Administrator of the Estate of DAOUD FARRAJ, Also Known as DAVID I. FARRAJ, Deceased, Appellant; RABAA M. HANASH, Respondent. [900 NYS2d 340]—

In a proceeding pursuant to SCPA 2205 to compel an estate accounting, Saed Farraj appeals from an order of the Surrogate's Court, Kings County (Torres, S.), dated April 14, 2009, which denied his motion to dismiss the petition pursuant to CPLR 3211 (a) (3).

Ordered that the order is affirmed, with costs payable by the appellant personally.

In May 2003 the petitioner, Rabaa M. Hanash, and Daoud Farraj, also known as David I. Farraj (hereinafter the decedent), participated in a formal marriage ceremony in accordance with Islamic law, at the home of the petitioner's brother in Clifton, New Jersey. Prior to the marriage ceremony, the decedent was a resident of New York and the petitioner lived at her brother's residence in New Jersey. An Imam (Islamic clergyman) came from New York to New Jersey to solemnize the marriage. However, a marriage license was not obtained. Immediately after the marriage ceremony, the petitioner and the decedent returned to Brooklyn, where they had a wedding celebration. The decedent and the petitioner lived together in New York until the decedent's death in July 2007.

The decedent died intestate and letters of administration were issued to the appellant, the decedent's son from a prior marriage. Subsequently, the petitioner filed a petition to compel an accounting of the decedent's estate. The appellant moved to dismiss the petition pursuant to CPLR 3211 (a) (3) on the ground that the petitioner lacked standing as a surviving spouse, since her marriage to the decedent was invalid under New Jersey law.

Under the law of the State of New Jersey, the failure to obtain a marriage license renders a purported marriage absolutely void (see NJ Stat Ann § 37:1-10). In New York, while the Domestic Relations Law deems it necessary for all persons intending to be married to obtain a marriage license (see Domestic Relations Law § 13), a marriage is not void for the failure to obtain a marriage license if the marriage is solemnized (see Domestic Relations Law § 25). A marriage is solemnized where the parties "solemnly declare in the presence of a clergyman or magistrate and the attending witness or witnesses that they take each other as husband and wife" (Domestic Relations Law § 12). Therefore, if New Jersey law is applied to determine the validity of the marriage between the petitioner and the decedent, the marriage is void. If New York law is applied, the marriage is valid. The Surrogate's Court applied New York law and denied the appellant's motion. We affirm.

The general rule is that the legality of a marriage "is to be determined by the law of the place where it is celebrated" (Matter of May, 305 NY 486, 490 [1953]). The Restatement (Second) of Conflict of Laws § 283, however, provides a more flexible approach, whereby "[t]he validity of a marriage will be determined by the local law of the state which, with respect to the particu-

lar issue, has the most significant relationship to the spouses and the marriage" (Restatement [Second] of Conflict of Laws § 283 [1]). We look to the Restatement (Second) of Conflict of Laws § 283 for guidance in determining which law should govern the validity of the marriage at issue here.

The petitioner and the decedent had a justified expectation that they were married, since they participated in a formal marriage ceremony in accordance with Islamic law (*see* Restatement [Second] of Conflict of Laws § 6). The only reason the petitioner and the decedent had their marriage ceremony in New Jersey was because, under Islamic law, the marriage ceremony was to be conducted in the residence of the bride's eldest male relative, which was the petitioner's brother. In addition, the intended and actual matrimonial domicile was New York, and the petitioner and the decedent held themselves out as a married couple in New York. Therefore, New York has a significant interest in the marriage between the petitioner and the decedent. While New Jersey has an interest in enforcing its marriage requirements, this interest is not particularly strong here, since the petitioner and the decedent left New Jersey immediately after the marriage ceremony, and lived in New York for the entirety of their marriage.

Therefore, the Surrogate's Court properly determined that New York had the "most significant relationship to the spouses and the marriage" and that New York law should apply to determine the validity of the marriage (Restatement [Second] of Conflict of Laws § 283; *see Matter of Palmer*, 192 Misc 385 [1948], *affd* 275 App Div 792 [1949]; *Bays v Bays*, 105 Misc 492 [1918]). Under New York law, the marriage between the petitioner and the decedent was valid, even without a marriage license, since it was solemnized (*see* Domestic Relations Law §§ 12, 25). Accordingly, the appellant's motion to dismiss the proceeding was properly denied. Prudenti, P.J., Fisher, Roman and Sgroi, JJ., concur.