Yusupov v Baraev (2021 NY Slip Op 04634)





Yusupov v Baraev


2021 NY Slip Op 04634


Decided on August 4, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 4, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2017-09379
 (Index No. 4595/14)

[*1]Inetta Yusupov, appellant,
v Jacob Baraev, respondent.


Beth E. Goldman, New York, NY (Tiferet G. Unterman of counsel), for appellant.
Law Offices of Leo Mikityanskiy, P.C., Brooklyn, NY (Leonid Mikityanskiy of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Queens County (Anna Culley, J.), dated June 7, 2017. The order, after a hearing, granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced the instant action against the defendant seeking a divorce and ancillary relief. The plaintiff alleged that the parties had married on November 24, 1998, at a Jewish ceremony performed by a rabbi. The defendant moved to dismiss the complaint, arguing that the parties were never married. The Supreme Court held a hearing to determine the validity of the alleged marriage.
At the hearing, the plaintiff testified and presented testimony from the rabbi who performed the ceremony, her mother, and her cousin. Their testimony indicated that the parties were married at a ceremony on November 24, 1998, at the apartment of the plaintiff's mother, and that the defendant signed, in Hebrew, a religious marriage contract, referred to as a ketubah. There were no photographs of the wedding, and the plaintiff never indicated on her tax returns that she was married.
The defendant testified and presented testimony from his mother. They each testified that there was no wedding ceremony, and that a marriage between the parties was not approved by their families. The defendant also testified that he never signed the ketubah, and that his purported signature on the ketubah was not made by him because he only wrote in Russian or English. No marriage certificate was ever issued by any governmental agency, and there was no other document referring to a marriage. Following the hearing, the Supreme Court issued an order dated June 7, 2017, granting the defendant's motion to dismiss the complaint on the ground that there was no valid marriage between the parties.
There is a strong presumption favoring the validity of marriages (see Apelbaum v Apelbaum, 7 AD2d 911). While the Domestic Relations Law deems it necessary for all persons intending to be married to obtain a marriage license (see Domestic Relations Law § 13), a marriage is not void for the failure to obtain a marriage license if the marriage is solemnized (see id. § 25; [*2]Matter of Farraj, 72 AD3d 1082, 1084). A marriage is solemnized where the parties "solemnly declare in the presence of a clergyman or magistrate and the attending witness or witnesses that they take each other as husband and wife" (Domestic Relations Law § 12; see Matter of Farraj, 72 AD3d at 1084). Thus, under New York law, the marriage between parties will be valid, even without a marriage license, in instances where it is solemnized (see Domestic Relations Law §§ 12, 25; Matter of Farraj, 72 AD3d at 1084). Pursuant to Domestic Relations Law § 12, "[n]o particular form or ceremony is required when a marriage is solemnized as herein provided by a clergyman or magistrate, but the parties must solemnly declare in the presence of a clergyman or magistrate and the attending witness or witnesses that they take each other as husband and wife. In every case, at least one witness beside the clergyman or magistrate must be present at the ceremony."
The Supreme Court determined, after the hearing, that the defendant and his witness were credible, and the only written evidence of a marriage was the ketubah in the plaintiff's possession, which the defendant denied he ever signed, and further testified that the signature in Hebrew could not be his because he did not write in Hebrew. Based upon the evidence adduced at the hearing, the determination that there was no valid marriage between the parties was proper.
RIVERA, J.P., HINDS-RADIX, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court