Jayaram v Jayaram (2022 NY Slip Op 03443)





Jayaram v Jayaram


2022 NY Slip Op 03443


Decided on May 26, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 26, 2022

Before: Kern, J.P., Oing, Singh, Moulton, Scarpulla, JJ. 


Index No. 100646/19 Appeal No. 16016 Case No. 2021-02832 

[*1]Prashanth Jayaram, Plaintiff-Appellant,
v
Raniesha Jayaram, Defendant-Respondent.


The Mandel Law Firm, New York (Madelyn Jay of counsel), for appellant.
The Law Firm of Stephen H. Gersowitz, New York (Stephen H. Gersowitz of counsel), for respondent.



Order, Supreme Court, New York County (Kelly O'Neill Levy, J.), entered on or about April 9, 2021, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for a determination of the parties rights under a prenuptial agreement to the extent of finding that the date of the parties' marriage for purposes of equitable distribution is January 22, 2018 and that "Marital Property," as defined in the prenuptial agreement, includes cash income from employment without offsets, unanimously affirmed, with costs.
The court correctly determined that, for purposes of determining equitable distribution, the valid date of the marriage was January 22, 2018. The prenuptial agreement recited that "a marriage is contemplated to take place on January 22, 2018 between the parties, the date of which is referred to in this Agreement as the 'Marriage Date.'" As contemplated, the parties participated in a marriage ceremony on January 22, 2018, in Bali, Indonesia, which was performed by a pandit in accordance with Hindu marriage customs, and all correspondence and related documentation referred to the January 22 ceremony as the parties' wedding. As the parties participated in a solemn marriage ceremony officiated by a Hindu clergyman in which they exchanged vows, they were married on that date, regardless of their failure to procure a marriage license until some months later in a civil ceremony in New York (see Domestic Relations Law §§ 12, 25; Yusupov v Baraev, 197 AD3d 538, 539 [2d Dept 2021]; Matter of Farraj, 72 AD3d 1082, 1084 [2d Dept 2010]).
The parties' prenuptial agreement expressly and unambiguously defines "Marital Property" as "[a]ny cash component of income from employment (including self-employment) received after the Marriage Date and before the occurrence of a Termination Event . . . ." The agreement further provides that the definition of marital property is to control over the definition in the Domestic Relations Law (see Domestic Relations Law § [B][1][c], [3]; Bloomfield v Bloomfield, 97 NY2d 188, 193 [2001] ["as with all contracts, [it is assumed that] a deliberately prepared and executed [prenuptial] agreement reflects the intention of the parties"]).
The parties, represented by counsel, executed the freely negotiated prenuptial agreement which specifically defined "Marital Property" to include income earned by the parties, without any offset for living expenses or other purchases. There is no indication or argument either in the record or by plaintiff that the agreement was obtained by fraud or under duress (see Lorenc v Lorenc, 178 AD3d 623, 623 [1st Dept 2019]). Accordingly, the plain and unambiguous meaning of "Marital Property," as defined in the prenuptial agreement, controls the calculation of equitable distribution as set forth in the agreement. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 26, 2022