Bernstein v Benchemoun (2023 NY Slip Op 02637)

Bernstein v Benchemoun

2023 NY Slip Op 02637

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH A. ZAYAS
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2021-01520
 (Index No. 53244/18)

[*1]Rochel Bernstein, appellant,
v
Israel Shimon Benchemoun, respondent.

Craig S. Goldsmith, Brooklyn, NY, for appellant.
Martin E. Friedlander, Brooklyn, NY, for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Kings County (Diana J. Szochet, Ct. Atty. Ref.), dated January 6, 2021. The order, insofar as appealed from, after a hearing, granted that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On February 7, 2013, the parties were married in a Jewish religious ceremony in Florida. At the ceremony the parties executed a religious marriage contract, known as a ketubah, but they did not obtain a marriage license from the State of Florida. The parties then came to New York, where they executed a second ketubah in the presence of a rabbi.
In June 2018, the plaintiff commenced the instant action for a divorce and ancillary relief. The defendant moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint on the ground, among others, in effect, of lack of subject matter jurisdiction because there was no valid marriage between the parties. After a hearing, the Supreme Court, inter alia, granted that branch of the defendant's motion. The plaintiff appeals.
"The general rule is that the legality of a marriage 'is to be determined by the law of the place where it is celebrated'" (Matter of Farraj, 72 AD3d 1082, 1083, quoting Matter of May, 305 NY 486, 490). Since 1967, Florida has required a marriage license for a marriage to be valid, and a person solemnizing a marriage must require that the parties to the marriage produce a marriage license (see Hall v Maal, 32 So 3d 682, 684-686 [Fla Dist Ct App]; Fla Stat §§ 741.08, 741.09, 741.10). Accordingly, the parties' religious marriage in Florida was not valid under Florida law and was not cognizable in New York.
Under New York law, a marriage is not void for the failure to obtain a marriage license if the marriage is solemnized (see Domestic Relations Law § 25; Yusupov v Baraev, 197 AD3d 538, 539). The plaintiff contends that a marriage was solemnized in New York when the parties executed a second ketubah in New York, in the presence of a rabbi. However, at the hearing, the rabbi who supervised the execution of the second ketubah testified that he never solemnized a marriage, and could not have solemnized a marriage since the parties were already married under [*2]Jewish law. A finding that there was a solemnized marriage would require an analysis of religious doctrine, which could offend the First Amendment of the United States Constitution (see First Presbyt. Church of Schenectady v United Presbyt. Church in U.S. of Am., 62 NY2d 110, 116-117; Avitzur v Avitzur, 58 NY2d 108, 111, 114; Madireddy v Madireddy, 66 AD3d 647, 648). Thus, under the circumstances, the Supreme Court could not determine that there was a cognizable marriage in New York.
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the complaint.
BRATHWAITE NELSON, J.P., ZAYAS, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court