T.I. v R.I. (2026 NY Slip Op 01344)

T.I. v R.I.

2026 NY Slip Op 01344

Decided on March 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2024-07370

[*1]T.I., respondent, 
vR.I., appellant. Tamara Harris, Forest Hills, NY, for appellant.

Arnold & Porter Kaye Scholer LLP, New York, NY (Sam Sullivan of counsel), for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Kings County (Jeffrey S. Sunshine, J.), dated March 20, 2024. The order, insofar as appealed from, denied those branches of the defendant's cross-motion which were for summary judgment dismissing the complaint and pursuant to 22 NYCRR 130-1.1 to impose sanctions against the plaintiff.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In February 2023, the plaintiff commenced this action against the defendant for a divorce and ancillary relief. The plaintiff alleged that the parties had married on March 27, 2014, at a Jewish ceremony performed by a rabbi. At the ceremony, the parties executed a religious marriage contract known as a ketubah. The parties did not thereafter obtain a marriage license. Before the commencement of this action, in December 2015, the defendant had commenced an action against the plaintiff for a divorce and ancillary relief, and after a decision was issued but before a judgment was entered, the parties voluntarily discontinued that action with prejudice upon their reconciliation (see R.I. v T.I., 60 Misc 3d 1226[A], 2018 NY Slip Op 51235[U], *32 [Sup Ct, Kings County]).
In July 2023, the plaintiff moved to consolidate two related Family Court proceedings with this action. In November 2023, after issue was joined, the defendant cross-moved, inter alia, for summary judgment dismissing the complaint for lack of subject matter jurisdiction and pursuant to 22 NYCRR 130-1.1 to impose sanctions against the plaintiff. The defendant argued, among other things, that the parties were never married because the rabbi who solemnized the marriage was unauthorized to do so and a beth din had declared the parties' ketubah void in November 2022. In an order dated March 20, 2024, the Supreme Court, inter alia, denied those branches of the defendant's cross-motion. The defendant appeals.
"Under New York law, a marriage is not void for the failure to obtain a marriage license if the marriage is solemnized" (Bernstein v Benchemoun, 216 AD3d 893, 894; see Domestic Relations Law § 25). A marriage is solemnized "where the parties 'solemnly declare in the presence of a clergyman or magistrate and the attending witness or witnesses that they take each other as husband and wife'" (Yusupov v Baraev, 197 AD3d 538, 539, quoting Domestic Relations Law § 12). Pursuant to Domestic Relations Law § 11, the marriage will only be valid if it is solemnized by (1) a "clergyman or minister of any religion," (2) certain state, county, or municipal officials, or (3) a [*2]judge or other certain court officials. No particular form or ceremony is required, so long as the above requirements are met (see id. § 12; Joseph v Singh, 206 AD3d 982, 982).
Under the First Amendment of the United States Constitution, civil courts are forbidden "from interfering in or determining religious disputes, because there is substantial danger that the state will become entangled in essentially religious controversies or intervene on behalf of groups espousing particular doctrines or beliefs" (Matter of Congregation Yetev Lev D'Satmar, Inc. v Kahana, 9 NY3d 282, 286; see First Presbyt. Church of Schenectady v United Presbyt. Church in U.S. of Am., 62 NY2d 110, 116). However, where such a dispute may be resolved using "neutral principles of law," a court may "properly preside over a dispute invoking a religious body" (New Hope Christian Church, Inc. v Parks, 236 AD3d 669, 670 [internal quotation marks omitted]; see Madireddy v Madireddy, 66 AD3d 647, 648).
Here, using neutral principles of law, the Supreme Court properly determined that the parties had a valid marriage. The allegation that the rabbi who solemnized the parties' marriage was deemed by a beit din to be unauthorized to serve as a rabbi does not suffice to void the marriage (see Oswald v Oswald, 107 AD3d 45, 48; Shamsee v Shamsee, 51 AD2d 1028, 1028).
Contrary to the defendant's contention, the Supreme Court properly determined that the parties had a valid marriage notwithstanding the dissolution of their religious marriage. "[M]arriage is more than a mere contract; once the contract of marriage is executed by marriage, a relationship is created between the parties which is regulated by law" (see Alan D. Scheinkman, Prac Commentaries, McKinney's Cons Laws of NY, Domestic Relations Law § 10; see Spalter v Spalter, 234 AD3d 508, 509). Here, the beth din's determination declaring the parties' ketubah void eight years after the parties had entered into it did not dissolve the marriage (see Avitzur v Avitzur, 58 NY2d 108, 115).
"Under the doctrine of judicial estoppel, 'a party may not take a position in a legal proceeding that is contrary to a position he or she took in a prior proceeding, simply because his or her interests have changed'" (Joseph v Singh, 206 AD3d at 982-983, quoting Archer v Beach Car Serv., Inc., 180 AD3d 857, 861; see Crespo v Crespo, 309 AD2d 727, 728). "[A]n essential element of a cause of action for a divorce is the existence of a valid marriage" (Suwei Chuang v Ya Chen Hsieh, 92 AD3d 939, 940). Here, the defendant commenced a prior action for a divorce and ancillary relief against the plaintiff in December 2015 (see R.I. v T.I., 60 Misc 3d 1226[A], 2018 NY Slip Op 51235[U], *2). Then, after nearly three years of litigation, the Supreme Court issued a decision determining that a divorce should be awarded (see R.I. v T.I., 60 Misc 3d 1226[A], 2018 NY Slip Op 51235[U], *32), and before a judgment was entered, the parties voluntarily discontinued the prior action. Accordingly, the defendant is estopped from claiming that the marriage between the parties was not valid (see McEvoy v McEvoy, 219 AD3d 1513, 1516; Crespo v Crespo, 309 AD2d at 728-729).
The Supreme Court properly denied that branch of the defendant's cross-motion which was pursuant to 22 NYCRR 130-1.1 to impose sanctions against the plaintiff. Pursuant to 22 NYCRR 130-1.1(a), a court may "impose financial sanctions upon any party or attorney in a civil action or proceeding who engages in frivolous conduct" (see GDG Realty, LLC v 149 Glen St. Corp., 187 AD3d 994, 995). "Conduct is frivolous if: (1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; (2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or (3) it asserts material factual statements that are false" (Matter of South Beach Area-Stage 2, 236 AD3d 800, 801 [internal quotation marks omitted]; see 22 NYCRR 130-1.1[c]; Matter of Edwin C. v Fenny C., 227 AD3d 893, 893). The party seeking sanctions has the burden to demonstrate that the opposing party's conduct was frivolous within the meaning of 22 NYCRR 130-1.1(c) (see Matter of Edwin C. v Fenny C., 227 AD3d at 893; Brin v Shady, 179 AD3d 760, 763). "The decision whether to impose costs or sanctions for frivolous conduct is generally entrusted to the court's sound discretion" (Tamburello v Tamburello, 165 AD3d 1006, 1008).
Here, the defendant failed to meet his burden of establishing that the plaintiff's [*3]conduct, including moving to consolidate the related Family Court proceedings with this action, was frivolous within the meaning of 22 NYCRR 130-1.1(c) (see Lombardi v Lombardi, 229 AD3d 537, 539; Brin v Shady, 179 AD3d at 763).
The defendant's contention that recusal was warranted is improperly raised for the first time on appeal (see Bruzzese v Bruzzese, 203 AD3d 1007, 1011). The defendant's remaining contention is without merit.
Accordingly, the Supreme Court properly denied those branches of the defendant's cross-motion which were for summary judgment dismissing the complaint and pursuant to 22 NYCRR 130-1.1 to impose sanctions against the plaintiff.
BARROS, J.P., CHAMBERS, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court